**STATE of Utah, Plaintiff and Respondent,**

v.

**Derek D. ANDREASON, Defendant and Appellant.**

**No. 20616.**

Supreme Court of Utah.

May 6, 1986.

G. Fred Metos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Derek Andreason was charged jointly with his father, Ray Andreason, for theft of electrical services consumed in defendant's construction company buildings. His father was acquitted, but defendant was convicted of third degree theft, under U.C.A., 1953, §§ 76–6–404, –409 (1978 ed.). He seeks reversal of his conviction, charging the prosecutor with prejudicial statements made during the closing arguments. We agree that the State's closing argument was improper and prejudicial to defendant, and we reverse the conviction.

Defendant's construction company occupied two buildings in Salina, a remodeled dairy barn and an adjacent new warehouse still being constructed. On September 4, 1984, a Utah Power & Light employee, while inspecting nearby electrical connections, observed that electric lights and tools had been used in the new warehouse but that a battery jumper cable was illegally connected to bypass the electrical meter. After testing the incoming power lines, he concluded that live voltage brought electricity from the power company pole to the meter. However, he did not test whether the live voltage passed through the meter into the outlets in the building. He did not observe any tools in actual use and did not determine the actual source of the electrical power consumed by the tools. Other witnesses testified that the power for the tools was brought in by extension cord from outside sources.

The following day, the employee also investigated the electrical connections at the old dairy barn building and determined that one of the two electrical meters there had been altered so that electricity used by outdoor lights was not metered. The other meter was properly connected and metered all electricity used inside the building.

Considering the type and number of electric tools observed in the new warehouse and the outdoor lights connected to the dairy barn, Utah Power & Light estimated an electrical usage based on certain Utah Power & Light formulas. This estimate assumed that the tools and lights were used a certain average number of hours per day. No evidence was presented by the State as to the actual usage of the tools by defendant's employees. Based on its assumption, the power company claimed that between April 1983 and August 1984, defendant's company had consumed $2,900 worth of unpaid electricity. The jury found Derek guilty of theft of electrical services valued at less than $1,000. Ray was acquitted.

Concluding his closing argument to the jury, the prosecutor admitted that the evidence against defendant was circumstan-

tial. After pointing out certain inconsistencies in the evidence, he argued:

> Now, if these two gentlemen were our only concern, we could probably let them go but they're not. Ladies and gentlemen, we have a concern for all of society, we have concerns if this goes on and that this is not an isolated incident. This type of conduct is pervasive and when we're—
>
> Mr. Mower: I object. I think the prosecutor is trying to paint the picture that there are others who are not charged and who are not before the Court.
>
> The Court: Objection's overruled. This is argument, Counsel.
>
> Mr. Brown: Perhaps the Defense would have you believe that nobody else is doing it but they are and everytime we have a jury trial, people are watching. People are watching to see how we administer justice and so, before you determine that there is some reasonable doubt—and I'm not sure what it is—but before you determine that, you need to consider that we're not—we've heard a lot about these two Defendants but they are not the only ones here and they are not the only ones we need to be concerned about. We've got to be concerned about the law.
>
> Now, we give the Defendants a lot of rights to insure that we never convict an innocent man but while we're insuring that, we need to be concerned about how many who aren't innocent are turned loose and how it affects them and us but also how it affects others, others who are going to base their decisions on conduct and what they know about how our system works.
>
> So it is a weighty decision but you need to consider everyone who is involved here.

■ The standard applicable to reviewing alleged prejudicial remarks of counsel is whether the remarks call the attention of the jurors to matters they would not be justified in considering in determining their verdict. If so, then defendant must show that, under the particular circumstances of this case, the jurors were probably influenced by the improper remarks in reaching their verdict. *State v. Slowe*, Utah, 25 Utah Adv.Rep. 21 (1985); *State v. Valdez*, 30 Utah 2d 54, 513 P.2d 422 (1973). Statements which suggest that a jury has an obligation to convict a defendant on some basis other than solely on the evidence before it are improper and beyond the broad latitude allowed in closing argument. We have previously held improper similar closing arguments by the prosecution.[1]

■ We agree with defendant's contention that the prosecutor injected improper argument and personal comments which were not directed to the evidence or the issues before the jury. The jury's attention was clearly called to matters outside the evidence of the case, *e.g.*, that defendant's alleged conduct was "pervasive," that others were involved in similar conduct, and that the jury needed to be concerned about those "who aren't innocent but are turned loose." What others did or did not do was not in evidence and was certainly not relevant to defendant's guilt or innocence. *State v. Johnson*, 663 P.2d at 51. Consequently, the jury was not justified in considering the statements. The trial court should have granted the objection and admonished the jury to disregard the prosecutor's comment.

In *State v. Smith*, Utah, 700 P.2d 1106 (1985), we held that similar remarks by the same prosecutor were improper and satisfied the first element of our test by calling the jury's attention to matters suggesting that something other than the question of defendant's guilt or innocence was before the jurors. 700 P.2d at 1112. We consider his remarks in this case to be equally improper.

■ To determine whether the improper argument was prejudicial under the second

---

1. *State v. Smith*, Utah, 700 P.2d 1106, 1112 (1985); *accord State v. Troy*, Utah, 688 P.2d 483, 486 (1984); *State v. Johnson*, Utah, 663 P.2d 48 (1983), *overruled on other grounds, State v. Roberts*, Utah, 711 P.2d 235 (1985).

part of our test, we consider the entire record and circumstances of the case. If proof of a defendant's guilt is strong, we will not presume the improper remark to be prejudicial. But in a case with less than compelling proof, we will more closely scrutinize the prosecutor's conduct. *State v. Troy,* 688 P.2d at 486. Unlike *State v. Smith,* the record in the present case does not contain substantial, independent evidence of defendant's guilt. Any evidence of defendant's knowledge of the improper hookups or an illegal use of power was entirely circumstantial.

 The State argues that defendant's ownership of the property alone raises a "strong presumption" of his guilt. Although it is evident that power his employees used was not being metered by Utah Power & Light Co. or paid for by his company, there was no direct evidence that Derek Andreason knowingly participated in or was aware of the practice. During 1983 and 1984, he was frequently away from home at remote jobsites, returning only on weekends. Company bills, including the power bill, were paid by other employees, although usually members of defendant's family. Independent electricians, occasionally employed by defendant to work on his buildings, testified that their work properly met all code specifications and that they had no knowledge of any improper connections. Before his retirement, Ray was the local manager for Utah Power & Light, and evidence indicated that he knew of or made unauthorized changes in electrical connections. But, there was no direct evidence of conduct or statements by defendant to show that he knew or approved of any such improper or illegal activities.

When the evidence in the record is circumstantial or sufficiently conflicting, jurors are more likely influenced by an improper argument. In such instances, they are more susceptible to the suggestion that factors other than the evidence before them should determine a defendant's guilt or innocence. *State v. Troy,* 688 P.2d at 486. Considering all the facts and circumstances of this case, we conclude that the jury was probably influenced by the improper closing remarks. In view of the highly marginal nature of any evidence of criminal intent or knowledge on the part of defendant, a reasonable likelihood exists that in the absence of the prosecutor's prejudicial argument, there might have been a different result. *See State v. Tucker,* Utah, 709 P.2d 313, 316 (1985); *State v. Wiswell,* Utah, 639 P.2d 146 (1981).

Defendant's conviction is reversed, and this matter is remanded to the district court.